SNELL & WILMER
L.L.P.
LAW OFFICES
350 SOUTH GRAND AVENUE
SUITE 3100
TWO CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NATURE'S PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ULTIMATE FORMULATIONS, INC. d/b/a BEST FORMULATIONS, <br><br> Defendant. | Case No. CV 12-00784 DSF (SSx) <br><br> Honorable DALE S. FISCHER <br><br> [Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] <br><br> **ORDER ENTERING STIPULATED PROTECTIVE ORDER** |
| AND RELATED COUNTERCLAIMS | |

The Court, having considered the Stipulated Protective Order and finding good cause in support,

**HEREBY ORDERS THAT**

the following provisions shall govern documents and information produced in this action:

## **PROTECTIVE ORDER**

1. A. <u>PURPOSES AND LIMITATIONS</u>.

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than

prosecuting this action would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; the Local Rules of this Court set forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

1. B. <u>GOOD CAUSE STATEMENT</u>.

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, such as price lists and proprietary product specifications and formulas, information regarding confidential business practices, such as marketing plans and client information and communications, manufacturing practices, such as product development research and materials or other confidential research, development, or commercial information (including information implicating privacy rights of third parties, such as the parties' clients), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Because the parties in this case are competitors, access to the confidential, proprietary, and/or trade secret information of one party by the other party is likely to cause irreparable financial and business harm.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the

parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1. C. <u>DEFINITIONS</u>.

1.1. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff) that are reasonably necessary for and actively involved in the prosecution and/or defense of the above-captioned litigation.

1.2. <u>Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, served or otherwise provided in this action by the parties or by non-parties.

1.3. <u>"Confidential" Information or Items</u>: information or any other form of evidence or discovery the party or third party witness or entity believes, in good faith, embodies, contains, or reflects confidential information that is used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, including without limitation, research, trade secret, development, commercial, financial or personnel information.

1.4. <u>"Highly Confidential –Attorneys' Eyes Only" Information or Items:</u> information or any other form of evidence or discovery the party or third party witness or entity believes, in good faith, embodies, contains or reflects highly proprietary financial or technical data or highly sensitive competitive information that a producing party or producing third party determines, in good faith, is likely to

cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties. This designation includes Material obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"), unless the non-party permits a different designation in writing. Highly Confidential – Attorneys' Eyes Only Material shall include all Material referring or relating to the foregoing, including, but not limited to, copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 5. Material designated as "Highly Confidential – Attorneys' Eyes Only" is automatically subject to the prosecution bar in Section 13.

  1.5. "Highly Confidential – Outside Counsel Eyes' Only" Information or Items: information or any other form of evidence or discovery the party or third party witness or entity believes, in good faith, that providing such information to the limited designated "Highly Confidential – Outside Attorneys' Eyes Only" represents an unreasonable risk of intentional or inadvertent disclosure of: (a) proprietary and confidential business plans that the other parties could utilize to their competitive advantage if they were provided access to them; (b) proprietary and confidential financial information that the other parties could utilize to their competitive advantage if they were provided access to them; and (c) other types of proprietary and confidential trade secrets such as lists of customers not publicly known, technical information, cost information, and individual pricing information not either publicly available or available upon the request of a customer that competitors could utilize to their competitive advantage.

  1.6. <u>Receiving Party:</u> a Party that receives Material from a Producing Party.

  1.7. <u>Producing Party:</u> a Party or non-party that produces Material in this action.

  1.8. <u>Designating Party:</u> a Party or non-party that designates information or items as "Confidential", "Highly Confidential -Attorneys' Eyes Only", or "Highly Confidential – Outside Counsel Eyes' Only."

1.9. <u>Protected Material:</u> any Material that is designated as "Confidential", "Highly Confidential - Attorneys' Eyes Only", or "Highly Confidential – Outside Counsel Eyes' Only."

1.10. <u>Outside Counsel:</u> attorneys (including action and clerical support staff) who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries, and who are counsel of record for a Party in the above-captioned litigation.

1.11. <u>House Counsel:</u> attorneys who are employees of a Party.

1.12. <u>Counsel (without qualifier):</u> Outside Counsel and House Counsel (as well as their support staffs).

1.13. <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the action who has been specially retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this action.

1.14. <u>Professional Vendors:</u> persons or entities that provide action support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2. <u>SCOPE</u>. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

3. <u>DURATION</u>. The terms of this Order shall survive the final termination of this action to the extent that any Protected Material is not or does not become known to the public. This Court shall retain jurisdiction over this action for the purpose of enforcing this Order. The parties agree that any order of dismissal of this action as to any or all parties shall be deemed to include a specific provision

that the Court retains jurisdiction to enforce the terms of this Order following dismissal. Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

4. DESIGNATING PROTECTED MATERIAL.

4.1. Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2. Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a.) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

- 6 -

legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to the Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY") on the Protected Material.

(b.)  <u>for testimony given in deposition or in other discovery-related proceedings</u>, for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 7 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 7 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at

1 the deposition or up to 7 days afterwards if that period is properly invoked, that the
entire transcript shall be treated as "CONFIDENTIAL", "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY
CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY".

(c.) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY".

4.3. <u>Inadvertent Production.</u>

(a.) Inadvertent Failures to Properly Designate. If a Party or non-party inadvertently produces Material without labeling or otherwise designating it in accordance with the provisions of this Order, the Party or non-party may give written notice to the Receiving Party that the Material produced is designated "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" and should be treated as such in accordance with the provisions of this Order. The Receiving Party must treat such Material according to its most recent designation of "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" from the date such notice is received. If, before receiving such notice, the Receiving Party disclosed such Material to recipients who are not qualified to receive it under the most recent designation, the Receiving Party must promptly make reasonable efforts to assure that the Material is treated in accordance with the provisions of this Order, including retrieving any copies that may have been disclosed to unqualified recipients. Nothing in this section shall preclude a Party from challenging the propriety of the claim of confidentiality.

(b.) No Waiver of Privilege. The production or inspection of Material that a Producing Party claims should not have been produced or disclosed because of the attorney-client privilege, the work product immunity or any other applicable privilege or immunity from discovery shall not be deemed to be a waiver of any such privilege or immunity to which the Producing Party would have been entitled had the Material not been produced or disclosed. Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such Material. The return of such Material shall not in any way preclude the Receiving Party from moving the Court for a ruling that the Material was never privileged or that the privilege was waived on some basis other than its production or disclosure.

5. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

5.1. Challenges. The Designating Party shall use reasonable care when designating Material as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY". Nothing in this Order shall prevent a Receiving Party from contending that any Material has been improperly designated. If the Receiving Party disagrees with the designation of any Material, the Receiving Party may challenge such designation by providing the Designating Party with written notice of such challenge and by identifying the Material as specifically as possible. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2. Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and, in addition to the written notice, must begin the process by conferring with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party seven (7) days to review the designated material, to reconsider

1 the circumstances, and, if no change in designation is offered, to explain the basis
2 for the chosen designation. A challenging Party may proceed to the next stage of
3 the challenge process only if it has engaged in this meet and confer process first.

5.3. <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must (a) be made in strict compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement; (b) affirm that the movant has complied with the meet and confer requirements imposed in the preceding paragraph; and (c) set forth the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>.

6.1. <u>Basic Principles</u>. Unless previously filed or lodged with the Court, all discovery materials produced in this action (including Protected Material) and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this action and not for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media or public. Any person in possession of Protected Material shall exercise reasonably appropriate care with regard to storage, custody, or use of such Protected Material in order to ensure that the confidential nature of the Protected Material is maintained. If Protected Material is disclosed or comes into the possession of any person other than in the manner authorized by this Order, any Party having knowledge of the disclosure must promptly inform the Producing

1 Party (and, if not the same person or entity, the Designating Party) of all pertinent
2 facts relating to such disclosure and shall make reasonable efforts to retrieve such
3 Protected Material and to prevent further disclosure.  Such Protected Material may
4 be disclosed only to the categories of persons and under the conditions described in
5 this Order. When the action has been terminated, a Receiving Party must comply
6 with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a.) the Receiving Party's Outside Counsel of record in the above-captioned litigation;

(b.) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this action;

(c.) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this action and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d.) the Court and its personnel;

(e.) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this action;

(f.) during their depositions, witnesses in the action to whom disclosure is reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g.) the author of the document or the original source of the information.

6.3. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a.)  The Receiving Party's Outside Counsel of record in the above-captioned litigation;

(b.)  Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this action, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c.)  The Court and its personnel;

(d.)  Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this action; and

(e.)  The author of the document or the original source of the information.

6.4. <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" only to:

(a.)  the attorneys for the Parties (but not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder, or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys. For the purpose of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

(b.)  secretaries, stenographers and other office or clerical personnel employed by said outside attorneys and who assist them with respect to litigation;

(c.)  the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" information;

(d.)  Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this action, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e.)  The Court and its personnel;

(f.)  Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this action;

(g.)  such other persons as may be consented to by the Party designating such information as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY" information.

7.  DISCLOSURE TO EXPERTS

(a.)  Confidentiality Agreement.  An Expert's access to Protected Material shall be subject to the terms in this section, including the notice-and-objection provisions below, and the requirement that the Expert execute the "Agreement to Be Bound by Protective Order" (Exhibit A).  The "Agreement to Be Bound by Protective Order" (Exhibit A) shall be retained by Outside Counsel for the Party that retained the Expert, but need not be disclosed to any other Party unless necessary to address a disclosure or threatened disclosure of Protected Material by the Expert.

(b.)  Written Notice.  Before a Receiving Party may disclose, directly or indirectly, any Protected Material to an Expert, the Receiving Party must give written notice to the Producing Party of the Expert's current curriculum vitae.

(c.)  Objection.  A Party that makes a written notice and provides the information specified in the preceding paragraph may disclose the Protected

Material to the identified Expert unless, within five (5) business days of the written notice (plus three (3) additional business days if notice is given other than by hand delivery, email, or facsimile transmission), the Producing Party objects in writing.

(d.) <u>Judicial Intervention</u>. If an objection is made, the parties shall meet and confer, within five (5) business days following the objection, to try to resolve the dispute by agreement. If no agreement is reached, the objecting Party may move the Court for an order that access to "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" be denied the designated individual, or other appropriate relief. Such motion must be filed within fourteen (14) days following the meet and confer and must be made in strict compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement. If such a motion is made by the objecting Party, no disclosure of any such Protected Material shall be made by the Receiving Party to any Expert to whom an objection has been made unless and until the Court rules on such motion.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER ACTION</u>. If a Receiving Party is served with a subpoena or an order issued in other action that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) within five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must inform in writing the Party who caused the subpoena or order to issue in the other action that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the

1 Receiving Party must deliver a copy of this Stipulated Protective Order promptly to
2 the Party in the other action that caused the subpoena or order to issue.

3 The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful subpoena issued in another action.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons destroy the Protected Material and execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>FILING PROTECTED MATERIAL</u>. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY", the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion can be separated) under seal; and the application shall be directed to the judge to whom the

1 papers are directed.  For motions, the parties shall publicly file a redacted version of
2 the motion and supporting papers.

3       11.   <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing
4 by the Producing Party, within sixty (60) days after the final termination of this
5 action (including any and all appeals), each Receiving Party must return all
6 Protected Material to the Producing Party or otherwise destroy all such Protected
7 Material that can be located after a reasonable search. As used in this subdivision,
8 "all Protected Material" includes all copies, abstracts, compilations, summaries or
9 any other form of reproducing or capturing any of the Protected Material. Whether
10 the Protected Material is returned or destroyed, the Receiving Party must submit a
11 written certification to the Producing Party (and, if not the same person or entity, to
12 the Designating Party) by the sixty-day deadline that identifies (by category, where
13 appropriate) all the Protected Material that was returned or destroyed and that
14 affirms that the Receiving Party has made a reasonable search for and has not
15 retained any copies, abstracts, compilations, summaries or other forms of
16 reproducing or capturing any of the Protected Material.  Notwithstanding this
17 provision, Outside Counsel are entitled to retain an archival copy of all pleadings,
18 motion papers, transcripts, legal memoranda, correspondence or attorney work
19 product, even if such materials contain Protected Material. Any such archival
20 copies that contain or constitute Protected Material remain subject to this Protective
21 Order as set forth in Section 3 (DURATION), above.

22       12.   <u>PROSECUTION BAR</u>.  Any attorneys, patent agents, or other persons
23 who access documents, information, and other things designated "HIGHLY
24 CONFIDENTIAL – ATTORNEYS' EYES ONLY" (i) shall have no active
25 involvement in the prosecution of any application pertaining to the technology of
26 the patent-in-suit during the pendency of this action and for two years after the
27 conclusion of their involvement with this action, including appeals; and (ii) shall
28

- 16 -

ORDER ENTERING STIPULATED
PROTECTIVE ORDER
CV 12-00784 DSF (SSX)

have no involvement in or contact with the prosecution of any application related to the patent-in-suit, e.g., reissues or reexaminations.

13. **MISCELLANEOUS.**

13.1. <u>Injunctive Relief</u>. The parties acknowledge that any breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. If anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such violation or threatened violation, and if the aggrieved Party does so, any respondent who is subject to the provisions of this Order may not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

13.2. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.3. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO ORDERED.**

DATED: _June 8_, 2017          ___/S/ Suzanne H. Segal_____
                               Hon. Suzanne H. Segal
                               United States Magistrate Judge

4813-0150-3306.1